UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **FREDRICK MICHAEL WENGER, JR.**, | Civil Case No. 2:11-CV-01502-KI |
| Plaintiff, | |
| | OPINION AND ORDER |
| v. | |
| **RICK COURSEY**, | |
| Defendant. | |

    Thomas J. Hester
    Assistant Federal Defender
    101 SW Main Street, Suite 1700
    Portland, Oregon  97204

        Attorney for Plaintiff


    Ellen F. Rosenblum
    Attorney General

Page 1 - OPINION AND ORDER

Samuel A. Kubernick
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon  97301-4096

    Attorneys for Defendant

KING, Judge:

Petitioner, currently an inmate at Two Rivers Correctional Institution, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254.  For the reasons below, I deny his petition [2] and dismiss this proceeding with prejudice.

## BACKGROUND

Petitioner went to the victim's home early in the morning of August 28, 2006 after learning the victim recently came into some money.  Petitioner attacked the victim, shot him, made him crawl to a different room, tied him up, and demanded money.  The victim was able to escape and call 911 when petitioner went outside to look for the money.

A grand jury indicted petitioner for Attempted Murder, Robbery I, Assault I, Kidnapping I, and Felon in Possession of a Firearm.  After a judicial settlement conference, petitioner pleaded guilty to the Robbery I, Assault I, and Kidnapping I charges and no contest to the Felon in Possession of a Firearm charge.  In exchange for the plea, the State dismissed the Attempted Murder charge, and the parties entered into a plea contract limiting the sentence to 180 months; three of the charges each carried a 90-month mandatory minimum sentence.  At the plea hearing, the judge cautioned petitioner at length about the risk of pleading no contest, rather than guilty, to the Felon in Possession of a Firearm charge.  The judge stated, in part:

> THE COURT: And so if in fact the judge, you know, at the time of sentencing hears from [the prosecutor] and hears all the information about the DNA and, you know, finding the gun and, you know, the testimony from the victim, and the–kind of the stocking cap, you know, mask thing with your DNA on it, if the judge hears all of that and believes that essentially you are by this plea simply equivocating and not really accepting full responsibility for what took place there, you recognize and you will not be surprised then and will not feel somehow that you have been misled if in fact the judge sentences you to 180 months in the custody of the Department of Corrections; is that right?

Exs. to Answer, Ex. 103, at 6-7, ECF No. 21. Petitioner agreed.

At the sentencing hearing, the victim testified about the incident and his ongoing pain and suffering. Petitioner, his mother, and a family friend testified on behalf of petitioner. The state asked for a 180-month sentence; trial counsel asked for a 90-month sentence. The sentencing judge commented:

> You've got an extensive criminal record, including a prior assault, and, you know, and I guess this no contest plea just looks to me to be sort of wrong-headed, but maybe that's in keeping with your view of this, that you were an aider and abettor here. It just doesn't look to me that you really were accepting full responsibility for it. I can't impose a 25-year sentence in this case because the plea agreement capped it at 180 months, but that's the sentence that's appropriate here in this case.

Ex. 105, at 25.

The judge sentenced petitioner to consecutive and concurrent sentences, which totaled 180 months of incarceration.

Petitioner did not file a direct appeal, but did file a petition for post-conviction relief ("PCR"). The PCR judge denied relief, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.

Petitioner filed the instant federal habeas corpus petition with two grounds for relief:

> Ground One: Ineffective Assistance of Counsel

Page 3 - OPINION AND ORDER

      Supporting Facts:  Petitioner[']s attorney advised petitioner to plead guilty to the charge of kidnapping.  When the facts of the case clearly lacked the nec[e]ssary elements required for charges of Kidnapping I or Assault I.  Violating his duty to represent his client.

      <u>Ground Two</u>:  Counsel was inadequate in his failure to object to consecutive sentences without adequate findings O.R.S. 137.123.

      Supporting Facts:  Oregon Revised Statute requires that the court conduct a finding of facts before consecutive sentences may be imposed for charges stemming from a single criminal inc[i]dent.

Pet. at 6-7, ECF No. 2.

## LEGAL STANDARDS

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was (1) "contrary to, or involved an unreasonable application of, clearly-established federal law, as determined by the Supreme Court of the United States" or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  The state court's findings of fact are presumed correct, and a petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

Section 2254(d) is a "'guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" <u>Hibbler v. Benedetti</u>, 693 F.3d 1140, 1148 (9th Cir. 2012) (quoting <u>Harrington v. Richter</u>, __ U.S. __, 131 S. Ct. 770, 786 (2011)) (other internal quotation omitted), <u>cert. denied</u>, 133 S. Ct. 1262 (2013).  "'[T]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable–a substantially higher threshold.'"  <u>Id.</u> at 1146 (quoting <u>Schriro v. Landrigan</u>, 550 U.S. 465, 473 (2007)).

Page 4 - OPINION AND ORDER

**DISCUSSION**

I.    Ground One

In Ground One, petitioner alleges trial counsel provided ineffective assistance when he advised petitioner to plead guilty to Kidnapping I even though there was insufficient evidence to establish that Petitioner had the specific intent to interfere substantially with the victim's liberty. Respondent acknowledges petitioner exhausted all state court remedies for this part of Ground One.[1]

To prevail on a claim of ineffective assistance of counsel, petitioner must show both (1) that the attorney's performance fell below an objective standard of reasonableness; and (2) that the performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 688 (1984). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, or what "might be considered sound trial strategy." Strickland, 466 U.S. at 689. Reasonableness is judged as of the time of counsel's conduct, not in hindsight. Id. at 689-90. If the petitioner alleges he was inadequately advised about pleading guilty, "Strickland's prejudice prong requires that the petitioner show that 'there is a reasonable

---

[1] Ground One is not clearly worded–petitioner also claims the facts lack the necessary elements for Assault I. If petitioner intended to include Assault I as part of Ground One, along with Kidnapping I, petitioner procedurally defaulted any claim based on Assault I by failing to present the claim to the Oregon appellate courts. Thus, habeas relief is precluded for a claim based on Assault I for the same reasons explained below concerning Ground Two.

To the extent petitioner argues in his brief trial counsel provided ineffective assistance by letting him plead no contest to the Felon in Possession of a Firearm charge, in spite of the court's admonishment, petitioner did not include that claim in his petition and I will not address it further. See Rule 2(c), R. Gov. Section 2254 Cases (petition must specify all grounds for relief available to the petitioner); Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (traverse in habeas action is not the proper pleading to raise additional grounds for relief; petitioner should seek to amend the petition).

Page 5 - OPINION AND ORDER

probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Hibbler, 693 F.3d at 1150 (quoting Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S. Ct. 366 (1985)).

A federal court reviews a state court's application of Strickland for reasonableness, not for correctness.  Id.  The federal court does not ask "'whether counsel's actions were reasonable'" but "'whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.'"  Id. (quoting Harrington, 131 S. Ct. at 788).  "Accordingly, a 'doubly deferential judicial review' applies to Strickland claims rejected by the state court."  Id. (quoting Knowles v. Mirzayance, 556 U.S. 111, 123, 129 S. Ct. 1411 (2009)).

Respondent argues trial counsel did not provide constitutionally ineffective assistance by advising petitioner to plead guilty to Kidnapping I.  Respondent summarizes the criminal incident as follows:  "petitioner ordered the victim to crawl into a back room, forced him to lay face down on the floor, tied him up with a dog chain, demanded money from him, shot him in the stomach, and threatened to kill the victim if he moved while petitioner searched the victim's property for money."  Resp. to Pet. for Writ of Habeas Corpus at 12.  Respondent contends these facts are similar to those in State v. Mejia, 348 Or. 1, 12, 227 P.3d 1139 (2010), in which the court held the facts were sufficient to prove kidnapping because a reasonable trier of fact could find defendant intended to interfere substantially with the victim's personal liberty, and the acts were more than just incidental to the other crimes.  Respondent also notes trial counsel explained in the PCR proceedings his strategy concerning the plea negotiations, and the strategy fell well within reasonable professional assistance.  Thus, respondent claims the PCR court's decision to

deny relief on this ground is neither contrary to, nor an unreasonable application of, Strickland, and this court should reject Ground One.

Petitioner argues his trial counsel provided ineffective assistance by urging him to plead guilty to Kidnapping I when the charge was unsupported on the facts of the case. Petitioner relies on State v. Wolleat, 338 Or. 469, 111 P.3d 1131 (2005), to contend his moving the victim from one room in the house to another was insufficient to prove petitioner intended to substantially interfere with the victim's liberty. Instead, petitioner claims moving the victim was incidental to the robbery. Petitioner alternatively argues his purpose in detaining the victim was to find and take his money, and this purpose does not aggravate the crime to Kidnapping I under ORS 163.235. According to petitioner, the lack of factual basis for the Kidnapping I conviction, and trial counsel's urging petitioner to plead guilty to the charge, make the state PCR court's resolution of the case objectively unreasonable.

Oregon law provides, in relevant part, that a person commits the crime of kidnapping in the first degree if, with the intent to interfere substantially with another's personal liberty, and without consent or legal authority, he takes a person from one place to another or secretly confines the person in a place where he is not likely to be found, with the purpose to cause physical injury to the victim. ORS 163.225 and 163.235(1)(c).

The Wolleat court reviewed the statute, legislative history, and prior case law to draw the following conclusions: (1) "the legislature 'intended that there be no conviction of the defendant for the separate crime of kidnapping where the detention or asportation of the victim is merely incidental to the accomplishment of another crime'" (quoting State v. Garcia, 288 Or. 413, 420, 605 P.2d 671 (1980)); (2) "the liberty interest that the statute protects from interference is the

Page 7 - OPINION AND ORDER

interest in freedom of movement and . . . in order for the interference to be substantial, a defendant must intend either to move the victim a substantial distance or to confine the victim for a substantial period of time"; and (3) "moving a victim from one room to another while committing another crime does not constitute moving the victim a substantial distance." Wolleat, 338 Or. at 474-75, 478 (some internal quotations omitted).  The defendant in Wolleat entered the victim's bedroom, pulled the victim by her hair out of bed and into the living room, approximately 15 to 20 feet away, and repeatedly struck her there until the victim broke free and the defendant fled the scene. Id. at 471.  The court held this evidence was insufficient to convict the defendant of kidnapping. Id. at 478-79.

Two other cases provide insight into a kidnapping analysis.  In State v. Mejia, 348 Or. 1, 12, 227 P.3d 1139 (2010), the court held the defendant's acts were sufficient to prove the defendant intended to interfere substantially with the victim's personal liberty, apart from the assaultive and menacing acts, and was thus guilty of kidnapping.  The defendant pushed the victim from her open front door as she was leaving her home and moved her to a bedroom, a distance of approximately 34 feet, took away her cell phone when she tried to call for help, held his hand over her mouth to stifle her screams, pointed a gun at her and threatened to kill her, smashed a comforter into her face making it difficult to breathe, and repeatedly choked her, all during a 90-minute period. Id. at 3-5.

The court came to the same conclusion and affirmed the kidnapping conviction in State v. Nguyen, 221 Or. App. 440, 190 P.3d 462 (Or. App. 2008), modified on other grounds on reconsideration, 228 Or. App. 241, 206 P.3d 1219 (Or. App. 2009).  The defendant surprised the victim in her bedroom and held her at gunpoint, told her to be quiet, ordered her to move against

Page 8 - OPINION AND ORDER

the wall, ordered her to move about six feet to the bed, ordered her to lie face down, handcuffed her behind her back, gagged her mouth, moved her to the floor, bound her ankles, covered her head with a shirt, and left her in the bedroom while he searched the house for money.  Id. at 442.

Here, petitioner entered the victim's home through a door, told the victim he was going to kill him and he had killed two other people, pistol whipped the victim, shot the victim in the groin, ordered the victim to crawl into a back room, forced him to lie on his stomach by putting his foot on the victim's back, bound the victim's hands behind his back with a dog chain, stuffed a sock in the victim's mouth, threatened to cut off the victim's fingers one at a time, and threatened to kill the victim if he moved while petitioner searched the victim's property for money.

The PCR judge commented that the evidence in the kidnapping charge was weak, but he ultimately denied the petition in all respects.  I find petitioner's conduct more similar to Mejia and Nguyen than to Wolleat, particularly the fact that petitioner gagged the victim and bound his hands behind his back.  This conduct goes far beyond simply moving the victim from one room to another.  The facts are sufficient to establish specific intent to substantially interfere with the victim's liberty.  Moreover, the victim's gunshot wound is evidence petitioner's purpose was to physically injure the victim.  Thus, trial counsel's performance was within the wide range of reasonable professional assistance when he urged petitioner to accept the plea bargain.  Moreover, petitioner could have faced more than 180 months if he went to trial; the sentencing judge explained to petitioner a 25-year sentence was appropriate but precluded by the plea bargain.  There is no evidence petitioner was prejudiced by accepting the plea bargain.

Based on this evidence, petitioner cannot show that any failure on trial counsel's part, based on the State's alleged failure to prove petitioner intended to substantially interfere with the victim's personal liberty, fell below an objective standard of reasonableness, or that there is a probability petitioner would have proceeded to trial. There is definitely a reasonable argument trial counsel satisfied Strickland's deferential standard. Accordingly, the PCR court's decision is neither contrary to, nor an unreasonable application of clearly established law, and I deny Ground One.

II.     Ground Two

Respondent contends petitioner procedurally defaulted Ground Two, concerning ineffective assistance of counsel for failing to object to consecutive sentences without adequate findings as required by ORS 137.123, because petitioner did not fairly present Ground Two to the state courts.

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. Jackson v. Roe, 425 F.3d 654, 657-58 (9th Cir. 2005); 28 U.S.C. § 2254(b)(1). A state prisoner satisfies the exhaustion requirement by "fairly presenting" his claim to the appropriate state courts at all appellate stages afforded under state law, including a state supreme court with powers of discretionary review. Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 845-47 (1999); Casey v. Moore, 386 F.3d 896, 915-16 (9th Cir. 2004). A prisoner fairly presents his claims by describing in the state court proceeding both the operative facts, and the federal legal theory on which his claim is based. Cooper v.

Neven, 641 F.3d 322, 327 (9th Cir.), cert. denied, 132 S. Ct. 558, (2011); Scott v. Schriro, 567 F.3d 573, 582 (9th Cir. 2009); Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008).

When a state prisoner fails to exhaust his federal claims in state court, and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted. O'Sullivan, 526 U.S. at 848; Coleman, 501 U.S. at 735 n.1; Cooper, 641 F.3d at 327; Casey, 386 F.3d at 920. Similarly, if a federal constitutional claim is expressly rejected by a state court on the basis of a state procedural rule that is independent of the federal question and adequate to support the judgment, the claim is procedurally defaulted. Coleman, 501 U.S. at 729-30; Bennett v. Mueller, 322 F.3d 573, 580 (9th Cir. 2003). Habeas review of procedurally defaulted claims is barred unless the petitioner demonstrates cause for the procedural default and actual prejudice, or that the failure to consider the claims will result in a miscarriage of justice. Coleman, 501 U.S. at 750 (1991); Smith v. Baldwin, 510 F.3d 1127, 1139 (9th Cir. 2007).

Petitioner arguably presented Ground Two in his Amended Petition for PCR, even though none of the allegations referenced ORS 137.123 directly. Petitioner alleged trial counsel was ineffective in failing to effectively advocate for petitioner at sentencing, including concurrent sentences, and in failing to advise petitioner of his right to unanimous jury findings beyond a reasonable doubt, or petitioner's voluntary admissions of required facts, before the trial court could impose consecutive sentences. Ex. 106, at 8-9. Petitioner failed, however, to appeal this ground for relief. The only issue presented in the PCR appeal was whether counsel was ineffective in advising petitioner to plead guilty to the kidnapping charge when the underlying facts were insufficient for conviction.

Accordingly, I find petitioner did not exhaust his state-court remedies on Ground Two. Moreover, the claim is procedurally defaulted because PCR appeals must be filed within 30 days after entry of final judgment, which took place in March 2009. ORS 138.650(1). Petitioner has demonstrated neither cause for the default and actual prejudice, nor that failure to consider the ground will result in a fundamental miscarriage of justice. Thus, habeas relief is precluded.

## CONCLUSION

Based on the foregoing, I deny petitioner's habeas corpus petition [2] and dismiss this proceeding with prejudice. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is denied. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Dated this        9th        day of October, 2013.

      /s/ Garr M. King
      Garr M. King
      United States District Judge